**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4439**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAMES ROGREIQUAS PRESSLEY,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:12-cr-00284-F-1)

Submitted: May 26, 2016          Decided: July 6, 2016

Before WILKINSON, GREGORY, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elisa Cyre Salmon, SALMON & GILMORE, LLP, Lillington, North Carolina, for Appellant. John Stuart Bruce, Acting United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted James Rogreiquas Pressley of several charges related to a drug conspiracy and money laundering conspiracy. The district court sentenced Pressley to life imprisonment and he now appeals. For the reasons that follow, we affirm.

On appeal, Pressley challenges the district court's investigation into an allegation of juror misconduct. During the trial, defense counsel reported that a witness allegedly overheard two jurors commenting on the strength of the Government's case during a lunch break. The district court questioned the jury as a whole and no juror admitted to having discussed the case during the break. Pressley argues that the court failed to conduct an adequate inquiry into the alleged misconduct.

The Sixth Amendment guarantees a criminal defendant the right to a trial by an impartial jury. Barnes v. Joyner, 751 F.3d 229, 240 (4th Cir. 2014). "An impartial jury is one that arrives at its verdict based upon the evidence developed at trial and without external influences." Id. (internal quotation marks omitted). Alleged juror misconduct that results from an influence internal to the jury and does not involve consideration of information not admitted into evidence, is less concerning than that which results from an external influence.

See Robinson v. Polk, 438 F.3d 350, 361-62 (4th Cir. 2006). We have reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in its handling of the allegation of juror misconduct. See United States v. Duncan, 598 F.2d 839, 866 (4th Cir. 1979) (reviewing claim of juror misconduct based on external influence for abuse of discretion).

Pressley next argues that the district court improperly limited the scope of his cross-examination of a coconspirator by refusing to allow Pressley to inquire into the sentence the coconspirator received for the charges related to the current conspiracies. "We review for abuse of discretion a trial court's limitations on a defendant's cross-examination of a prosecution witness." United States v. Ramos-Cruz, 667 F.3d. 487, 500 (4th Cir. 2012) (internal quotation marks omitted). A district court abuses its discretion by basing its decision on clearly erroneous findings of fact or by misapprehending the law. United States v. Zayyad, 741 F.3d 452, 458 (4th Cir. 2014). A district court has wide latitude in imposing limits on the cross-examination of a witness, and may impose such limits to avoid harassment, prejudice, confusion of the issues, repetition, or marginal relevance. Id. at 459. We again conclude based on our review of the evidence that the district court committed no abuse of discretion in limiting defense

3

counsel's cross-examination in this regard. See United States v. Cropp, 127 F.3d 354, 358 (4th Cir. 1997) (presenting information regarding possible sentence defendant faces to the jury is prejudicial).

Pressley also challenges the district court's calculation of the drug weight, asserting that the court failed to determine the reliability of some of the sources of the drug amounts attributed to Pressley. In reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Manigan, 592 F.3d at 631 (internal quotation marks and alterations omitted).

The district court need only find the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). The court, therefore, "must only determine that it was more likely than not that the defendant was responsible for at least the drug quantity attributed to him." United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004) (emphasis in original). Having reviewed the record on appeal, we conclude

4

that the district court did not abuse its discretion in calculating the drug weight or in explaining that calculation.

Finally, Pressley argues that the sentence is both procedurally and substantively unreasonable. Pressley contends that the district court failed to adequately explain the sentence and failed to sufficiently respond to his arguments for a variant sentence. Pressley also asserts that the life sentence is substantively unreasonable based on the factors Pressley identified at the sentencing hearing.

We review a sentence for abuse of discretion, determining whether the sentence is procedurally and substantively reasonable. United States v. Heath, 559 F.3d 263, 266 (4th Cir. 2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence". Gall v. United States, 552 U.S. 38, 51 (2007). We then review the substantive reasonableness of the sentence, presuming that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United

5

States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

In sentencing a defendant, the district court is required to conduct an individualized assessment and consider the parties' nonfrivolous arguments for a sentence outside the advisory Guidelines range. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Here, we conclude that the court sufficiently explained the sentence. In addition, as the sentence is within the advisory Guidelines range, we apply a presumption that the sentence is substantively reasonable; Pressley has failed to overcome that presumption.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED